UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

———————————x

ORIGINAL

YVETTE BHIKHARIE,

Plaintiff,


-Against-


THE CITY OF NEW YORK;

DEPARTMENT OF EDUCATION,

Defendants.



Docket No.: 1:25-CV-05589


AMENDED COMPLAINT


Plaintiff Yvette Bhikharie, proceeding pro se as to her own claims only, alleges as follows:


I. PRELIMINARY STATEMENT

This civil rights action arises from retaliatory and unconstitutional conduct after Plaintiff advocated for disability-related educational services, accommodations, transportation assistance, and lawful treatment concerning her child's education.



Plaintiff alleges that after she engaged in protected advocacy with DOE personnel and related processes, ACS became involved with her family under circumstances Plaintiff contends were retaliatory, unjustified, and unsupported by reasonable factual basis.



Plaintiff brings claims on her own behalf only under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments, and under Title V of the Americans with Disabilities Act, 42 U.S.C. § 12203.

Plaintiff does not assert claims on behalf of her minor child unless and until licensed counsel appears.

II. JURISDICTION AND VENUE

This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the events occurred in Kings County, New York.

III. PARTIES

Plaintiff Yvette Bhikharie is a resident of Brooklyn, New York.

Defendant City of New York is a municipal entity responsible for the policies, customs, practices, supervision, training, and conduct of its agencies and employees, including ACS and DOE.

ACS is an agency of the City of New York responsible for child welfare investigations.

DOE is an agency of the City of New York responsible for public education services and disability-related educational accommodations.

IV. FACTUAL ALLEGATIONS

Plaintiff is the parent of a child with disabilities who required educational accommodations, transportation assistance, and related services.

Plaintiff repeatedly advocated for disability-related accommodations, transportation assistance, educational services, and compliance with federal disability laws.

Plaintiff communicated concerns to DOE personnel, participated in meetings and complaints, and raised issues regarding transportation failures, educational access, and disability accommodations.

Shortly after Plaintiff's advocacy, ACS became involved with Plaintiff and her family.

Plaintiff alleges that ACS involvement was initiated, encouraged, escalated, or maintained because of Plaintiff's protected advocacy.

Plaintiff alleges that the ACS investigation lacked adequate factual basis and was not supported by reasonable evidence of abuse or neglect.

Plaintiff was subjected to intrusive questioning, emotional distress, fear of family separation, reputational harm, and interference with family integrity.

Plaintiff alleges that City employees acted under color of state law and in concert with one another.

Plaintiff expended substantial time and effort responding to the investigation and defending herself against allegations she alleges were unfounded.

Plaintiff alleges that Defendants' conduct would deter a person of ordinary firmness from continuing to advocate for disability-related educational rights.

Plaintiff alleges that the constitutional violations were caused by City customs, practices, failures to train, failures to supervise, and deliberate indifference to the risk that parents advocating for disability rights would be subjected to retaliatory referrals or investigations.

## V. FIRST CAUSE OF ACTION

42 U.S.C. § 1983 – First Amendment Retaliation

Plaintiff engaged in protected speech and advocacy concerning disability accommodations, transportation, educational services, and legal compliance.

Defendants took adverse action against Plaintiff by initiating, encouraging, escalating, or maintaining ACS involvement and investigation.

Plaintiff's protected advocacy was a substantial or motivating factor in Defendants actions.

Defendant conduct caused Plaintiff emotional distress, anxiety, reputational harm, and interference with family integrity.

## VI. SECOND CAUSE OF ACTION

42 U.S.C. § 1983 – Fourteenth Amendment Family Integrity

Plaintiff has a protected liberty interest in family integrity and freedom from unjustified governmental interference.

Defendants interfered with Plaintiff's familial relationship through an unjustified and intrusive ACS investigation.

Defendants acted without sufficient factual basis or reasonable justification.

Plaintiff suffered damages as a direct and proximate result.

## VII. THIRD CAUSE OF ACTION

42 U.S.C. § 1983 – Procedural Due Process

Plaintiff possessed protected liberty interests under the Fourteenth Amendment.

Defendants deprived Plaintiff of those interests through arbitrary governmental action, escalation of ACS involvement, and lack of adequate procedural safeguards.

Plaintiff suffered damages as a direct and proximate result.

## VIII. FOURTH CAUSE OF ACTION

ADA TITLE V RETALIATION

42 U.S.C. § 12203

Plaintiff engaged in protected activity under the ADA by advocating for disability-related accommodations, services, and equal access.

Defendants retaliated against Plaintiff because of that protected advocacy.

Defendants' retaliatory conduct caused emotional distress, reputational harm, anxiety, and interference with Plaintiff's rights.

## IX. MONELL LIABILITY

The violations described above were caused by policies, customs, practices, failures to train, failures to supervise, and deliberate indifference by the City of New York.

Upon information and belief, the City failed to adequately train and supervise employees regarding:

A. retaliation against parents advocating for disability rights.

B. constitutional limits on ACS investigations.

C. parental rights and family integrity.

D. coordination between DOE and ACS where a parent has engaged in protected educational advocacy.

These failures were a moving force behind the violation of Plaintiff's rights.

## X. DAMAGES

As a result of Defendants conduct, Plaintiff suffered emotional distress, anxiety, humiliation, reputational harm, interference with family integrity, mental anguish, and other damages to be proven at trial.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff.

B. Award compensatory damages.

C. Award punitive damages against individual Defendants where permitted by law.

D. Grant leave to further amend if justice requires.

E. Grant such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 8, 2026

Brooklyn, New York

Respectfully submitted,

*Yvette Bhikharie*

Yvette Bhikharie

7 Livonia Ave, Apt 423

Brooklyn, NY 11212

(718) 564-3988

YvetteBhikharie@gmail.com